UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        - against -

KENNETH G. KEMP
a/k/a KENNETH G. KEMP, JR.,

                Defendant.
-----------------------------------------------------X

**MEMORANDUM & ORDER**
15-CV-02419 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff, the United States of America ("the Government"), commenced this action against Defendant Kenneth G. Kemp a/k/a Kenneth G. Kemp, Jr., seeking to recover student loan debt owed to the Government and the costs of this action. Despite proper service of the summons and complaint, Defendant has failed to plead or otherwise defend this action. The Government now moves for an entry of default judgment against Defendant. (Dkt. 9.) For the reasons set forth below, the Court grants the Government's motion and finds that the Government is entitled to: (1) the unpaid principal of the student loans in the amount of $10,038.56; (2) interest through the date of judgment (October 30, 2015) in the amount of $3,052.73; (3) administrative costs in the amount of $477.00; and (4) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961.

## *BACKGROUND*

In a Complaint filed on April 29, 2015, the Government alleges that Defendant failed to repay student loans he borrowed in 1989. (Dkt. 1 ("Compl.").) The Government seeks to recover the unpaid principal balance of the loans, plus interest and the costs of this action.[1] In support of

---

[1] Although the Government requests attorney's fees in its Complaint (*see* Compl. ¶ 7.B), it withdraws that request on motion for default judgment. (Dkt. 9-1 ("Sucher Aff.") ¶ 20).

its claim, the Government attaches to its Complaint two sworn Certificates of Indebtedness ("COIs") from the Department of Education ("DOE"). (Compl. Exs. A, B.) The COIs show that Defendant executed promissory notes for student loans totaling $6,625.00 from Norstar Bank (the "Bank") on or about May 26, 1989. (*Id.*) These loans were disbursed to Defendant in their entirety between June 23, 1989 and August 2, 1989, at a variable rate of interest to be established annually by the DOE. (*Id.*) The loans were guaranteed by the New York State Higher Education Services Corporation ("NYSHESC") and reinsured by the DOE under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, 20 U.S.C. 1071 *et seq.* (*Id.*)

On January 24, 1998, Defendant defaulted on the loans. (*Id.*). The Bank filed two claims on the loan guarantees, which the NYSHESC paid in the amounts of $7,197.90 and $2,976.57. (*Id.*) The DOE reimbursed the NYSHESC for these amounts under its reinsurance agreement. (*Id.*). On April 6, 2011, the NYSHESC assigned its right and title to the loan to the DOE. (*Id.*). The Government thereafter sought collection of the outstanding debts from Defendant, but Defendant "has neglected and refused to pay the same." (Compl. ¶ 7). The two COIs show that as of January 27, 2015, a total debt of $12,839.50 remains outstanding. (*See* Compl. Ex. A (first COI showing a total debt of $9,235.36) and Ex. B (second COI showing a total debt of $3,604.14).)

Defendant was duly served with the Summons and Complaint in this action on May 26, 2015. (Dkt. 6.) Because Defendant did not file an answer or otherwise respond to the Complaint, the Government requested a certificate of default on June 19, 2015. (Dkt. 7.) On July 7, 2015, the Clerk of the Court certified Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 8.) On July 21, 2015, the Government moved for default judgment. (Dkt. 9 ("Motion for Default").) Defendant has not filed any opposition.

## DISCUSSION

### I. Default Judgment

#### A. Liability

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Comm. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

In determining whether to issue a default judgment, the Court has a "responsibility to ensure that the factual allegations [in the plaintiff's pleadings], accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls–Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d at 108 (the court "deems all the well-pleaded allegations in the pleadings to be admitted" for purposes of deciding a default judgment motion). In other words, "after default . . . it remains for the court to consider whether

the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls–Royce PLC*, 688 F. Supp. 2d at 153 (citation omitted).

The Court finds that the factual allegations in the Complaint and the COIs establish Defendant's liability. Here, the DOE reimbursed the student loan guarantor, the NYSHESC, for the amounts it paid on the loan guarantee when Defendant defaulted, and on April 6, 2011, the NYSHESC assigned its right and title to the loan to the DOE. (Compl. Exs. A, B.). Consequently, Defendant is liable to the Government on his outstanding debt on the loans. *See* 20 U.S.C. § 1080.

### B. Damages

"While a party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." *Id.*; *see also* Fed. R. Civ. P. 55(b)(2) (providing that "the court may conduct . . . [a] hearing[]" to determine the amount of damages on default judgment). The Court of Appeals for the Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. *Transatl. Marine Claims Agency Inc.*, 109 F.3d at 111 (citing additional cases). On a motion for default judgment, a plaintiff has the burden to prove damages to the court with a "reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).

The Government seeks to recover the unpaid principal and interest on the loans through the date of judgment, costs for filing and service of process, and post-judgment interest pursuant to 28 U.S.C. § 1961. (Compl. ¶ 7; Sucher Aff. ¶¶ 22–23.) The Government supports its claim for

damages with the following documents: the two COIs; the affirmation of the Government's attorney, Michael T. Sucher; and a bill from T.M.S. Services, Inc. showing fees incurred for the service of process on Defendant (Dkt. 9-3, Ex. 2 Bill from Process Server). These submissions provide a sufficient basis for the Court to determine damages.

The Higher Education Act of 1965 provides that the Government is entitled to the unpaid principal and accrued interest on federally insured student loans in default. *See* 28 U.S.C. § 1080(a). The Government is also entitled to recover reasonable costs associated with the collection of the defaulted loan. *Id.* § 1080(b). Based on the Government's submissions, the Court finds the amount of the damages are as follows:

*Unpaid Principal Balance.* According to the two COIs, a total of $10,038.56 in principal remains due and owing to the Government. (Compl. Ex. A (first COI showing unpaid principal in the amount of $7,197.90) and Ex. B (second COI showing unpaid principal in the amount of $2,840.66); *see also* Sucher Aff. ¶ 19 (same).). The Court accordingly awards the Government $10,038.56 in principal.

*Pre-Judgment Interest.* In its affirmation, the Government calculated that $2,953.54 in interest was due as of July 13, 2015. (Sucher Aff. ¶ 19 (calculating that $2,147.14 accrued on the first claim and $806.40 on the second claim).) The Court has reviewed the Government's calculation of interest through July 13, 2015 and finds that it is correct. The Court now calculates the interest on each of the two claims from July 14, 2015 through the date of judgment at the rates provided by the Government—*i.e.*, *per diem* interest of $0.67 on the first claim and *per diem* interest of $0.24 on the second. (Sucher Aff. ¶ 23.) The Court awards additional interest of $99.19 for a total of $3,052.73 in interest.[2]

---

[2] The Court calculated this interest as follows: 109 days x ($0.67 + $0.24) = $99.19.

5

*Costs and Fees.* The Court also awards the Government costs consisting of this Court's $400 filing fee,[3] as well as expenses for service of the summons and complaint in the sum of $77.00. (*See* Motion for Default ¶ 21; Ex. 2 Bill from Process Server.). Thus, the Court awards the Government a total of $477.00 in costs.

*Post-Judgment Interest.* Finally, the Court awards the Government post-judgment interest on its monetary award, to be calculated pursuant to 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in district court."). Such interest "shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id.* This interest is to be "computed daily to the date of payment." *Id.* § 1961(b).

## CONCLUSION

For the above reasons, the Court grants the Government's motion for a default judgment and awards damages in the amount of $13,091.29 for unpaid principal and interest through October 30, 2015, $477.00 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Clerk of Court is respectfully requested to enter judgment and terminate the case.

SO ORDERED.

                                                                         */s/ Pamela K. Chen*
                                                                         PAMELA K. CHEN
                                                                         United States District Judge

Dated: October 30, 2015
       Brooklyn, New York

---

[3] Title 28 U.S.C. § 2412(2) provides that the Government is entitled to the filing fee even if it did not actually pay a filing fee in the action.